UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY CAMERON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:19-cv-00973-JMS-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

Petitioner Terry Cameron's sentence for being a felon in possession of a firearm was enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on prior convictions for violent felonies, including his conviction for attempted robbery in Missouri. This Court previously denied his motion for relief under 28 U.S.C. § 2255. Mr. Cameron appealed and the Seventh Circuit then remanded the case for this Court's reconsideration based on the Supreme Court decision in *United States v. Taylor*, 596 U.S. 845, 142 S. Ct. 2015, 2025 (2022), which was decided while Mr. Cameron's appeal was pending.

For the reasons explained below, Mr. Cameron's motion is **granted**.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence under § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

1

§ 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Background

In 2018, Terry Cameron pleaded guilty in this Court to being a felon in possession of a firearm. *United States v. Cameron*, 1:17-cr-81-JMS-TAB-1 (Cr. Dkt.), dkt. 39, 40. Based on three prior convictions for violent felonies, he was found to be subject to a mandatory minimum sentence of 15 years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Cr. Dkt. 38 ¶ 18. The prior convictions listed in the Indictment were:

- 2006 Felony Robbery in Missouri;
- 2006 Felony Burglary in Missouri; and
- 1982 two counts of Robbery in Indiana; and
- 1982 Robbery in Indiana.

Cr. Dkt. 1. While Mr. Cameron had a 1981 battery conviction, this conviction was not listed in the Indictment. *See id.*

A presentence investigation report ("PSR") was prepared before Mr. Cameron's change of plea and sentencing hearing. Cr. Dkt. 38. According to the PSR, Mr. Cameron's prior convictions included:

1. Robbery (2 counts); Marion County, Indiana; February 1981; 20 years' imprisonment

2. Robbery; Marion County, Indiana; May 1981; 10 years' imprisonment

3. Battery; Marion County, Indiana; July 1981; 2 years' imprisonment

2

      4. Attempted robbery; Clayton, Missouri; June 2005; 11 years' imprisonment

      5. Burglary; Clayton, Missouri; June 2005; 11 years' imprisonment

      6. Felon in possession of a firearm; July 2006; Eastern District of Missouri; 5 years' imprisonment.

*Id.* at ¶¶ 25-35. The PSR concluded that Mr. Cameron was an armed career criminal. *Id.* at ¶ 37. The Court conducted a change of plea and sentencing hearing on July 17, 2018. Cr. Dkt. 39, 52. After engaging in an extensive colloquy with Mr. Cameron, the Court accepted his guilty plea. Cr. Dkt. 52 at 23. During the sentencing phase of the hearing, the Court acknowledged that Mr. Cameron had three prior felony convictions for robbery and one prior felony conviction for burglary that made him subject to the ACCA, 18 U.S.C. § 924(e). *Id.* at 31. While Mr. Cameron had the 1981 battery conviction noted above, this conviction was not discussed at the plea and sentencing hearing. *Id.* The Court imposed the mandatory minimum term of 180 months' imprisonment, to be followed by three years' supervised release. *Id.* at 55-58; Crim. Dkt. 40. Mr. Cameron did not appeal his conviction or sentence.

      In 2019, Mr. Cameron filed a motion for relief under 28 U.S.C. § 2255 claiming, among other things, that he was erroneously sentenced under the ACCA. Dkt. 1. The United States agreed that, under *United States v. Naylor,* 887 F.3d 397 (8th Cir. 2018), Mr. Cameron's Missouri burglary is not a qualifying ACCA predicate. Dkt. 29 at 2. But the United States argued that his two Indiana robbery convictions and his 2005 Missouri attempted robbery conviction qualify as ACCA predicate offense. *Id.* The United States also cited to the PSR and noted in its briefing that Mr. Cameron had a 1981 felony battery conviction and a 2001 Missouri possession and distribution of a controlled substance conviction. Dkt. 29 at 14-15. This Court agreed that Mr. Cameron had three predicate offenses (two Indiana robbery convictions and one Missouri attempted robbery conviction), and denied the § 2255 motion. Dkt. 39.  At that time the issue of notice of the battery

3

conviction was not raised. Mr. Cameron appealed and sought a certificate of appealability from the Seventh Circuit. Dkt. 37.

The Supreme Court later decided that attempted robbery did not qualify as a crime of violence under the ACCA. *United States v. Taylor*, 596 U.S. 845 (2022). The Seventh Circuit therefore directed the parties to file a statement of its position on Mr. Cameron's claims in light of *Taylor*. *Cameron v. United States*, No. 21-2600 (7th Cir. Apr. 8, 2022). In response, the United States conceded that Mr. Cameron's attempted robbery conviction no longer qualifies as an ACCA predicate but argued that he remains an armed career criminal because he has other prior convictions that do qualify. The Seventh Circuit remanded the case to this Court for consideration of these arguments. Dkt. 44. This Court then appointed counsel to represent Mr. Cameron and directed the parties to file briefs in support of their positions considering *Taylor*. Dkt. 46.

### III. Discussion

The parties agree that Mr. Cameron's attempted robbery conviction no longer qualifies as a violent felony to support enhancement of his sentence under the ACCA. But the United States argues that there is still no problem with Mr. Cameron's sentence because he has another predicate conviction on which the Court did not previously rely – his 1981 Indiana conviction for felony battery. Mr. Cameron resists this conclusion arguing that the United States waived or forfeited this argument, and that this conviction cannot be used to support the enhancement because he has not been given fair notice of it.

#### A. Waiver and Forfeiture

[W]aiver is the 'intentional relinquishment or abandonment of a known right,' and forfeiture is the mere failure to raise a timely argument, due to either inadvertence, neglect, or oversight." *Id.* at 786 (quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). "In the criminal context," we noted, "the distinction between waiver and forfeiture is critical: while waiver precludes

review, forfeiture permits a court to correct an error under a plain error standard."
*Id.* In the civil context, we had been less clear about the role of plain error review.

*Bourgeois v. Watson*, 977 F.3d 620, 629 (7th Cir. 2020).

Because the United States argued that Mr. Cameron's 1981 battery conviction qualifies as an ACCA predicate for the first time in its surreply to Mr. Cameron's § 2255 motion, dkt. 29, Mr. Cameron contends, based on these principles of waiver and forfeiture, the United States cannot now rely on that conviction. This argument and Mr. Cameron's other argument – that he did not receive fair notice that the battery conviction would be used to support the ACCA enhancement – both concern the circumstances in which a conviction can be substituted for a previously-invalidated conviction. And because the Court finds that Mr. Cameron did not have fair notice of the battery conviction, whether the United States waived or forfeited this argument ultimately is immaterial.

### B. Notice

When a predicate conviction is later found not to support an ACCA enhancement a substitute predicate may be used, but only if the defendant had "fair notice" that the prior conviction could be used as a predicate. *Dotson v. United States*, 949 F.3d 317, 318 (7th Cir. 2020); *White v. United States*, 8 F. 4th 547, 553 (7th Cir. 2021). The Seventh Circuit has found that a petitioner had "fair notice" when the Indictment and the PSR listed the conviction and the petitioner's filings in his criminal case reflected his belief that the conviction would be treated as a predicate. *Dotson*, 949 F.3d at 318.[1] The Court explained, "these circumstances are far afield

---

[1] The Court previously found that Mr. Cameron's Missouri Attempted Robbery conviction could be substituted as a predicate ACCA offense. Dkt. 32. At that time, Mr. Cameron had not based his challenge on whether he had fair notice of this conviction. When he filed a Motion to Alter or Amend the Judgment, addressing the notice issue, the Court found that it did not commit manifest error by substituting this conviction because he did have fair notice. Dkt. 36. But Mr. Cameron had far more notice of the potential use of the Missouri Attempted Robbery conviction as an ACCA predicate than of the battery conviction – the conviction was mentioned in the Indictment, Cr. Dkt. 1, the PSR contained a long and detailed

5

from a scenario where a defendant may be able to make a credible showing of undue surprise from allowing the substitution of a particular felony conviction not relied upon at sentencing to save an ACCA sentence otherwise called into question by subsequent developments in the law." *Id.* at 321. Similarly, the court decided in *White* that the petitioner had fair notice that a prior conviction would be treated as an ACCA predicate when the government had filed a notice in which is considered the predicate to be a "serious drug offense that qualified [him] as an armed career criminal." *White*, 8 F.4th at 553.

Here, Mr. Cameron's 1981 battery conviction, along with a brief description of the offense, was listed in the PSR. Cr. Dkt. 38 ¶ 28. The PSR reflects that this conviction was identified through a presentence investigation reported prepared for the Eastern District of Missouri and the statute on which the battery conviction is based was not part of the description in the PSR. *Id.* Mr. Cameron received no criminal history points for this conviction and would have thus had no reason to challenge it. *Id.* Finally, there is no other indication in any of the parties' filings that this conviction would be used to support the ACCA enhancement. It was not listed in indictment or in any type of sentencing memorandum. And the battery conviction was not discussed at all at Mr. Cameron's plea and sentencing hearing. In short, during the underlying criminal proceedings, the United States never discussed this conviction as a predicate offense or identified the battery statute under which Mr. Cameron was convicted.[2] The *Dotson* and *White* courts both found that the

---

description of the conviction, Cr. Dkt. 38 ¶ 32, and the Court referenced it at the change of plea and sentencing hearing, Cr. Dkt. 52 at 6, 18, 33.

[2] Mr. Cameron notes the multitude of amendments to Indiana's battery statute over the years, and the United States makes no showing as to what the elements were of the battery charge for which Mr. Cameron was convicted. This lack of specificity further undermines any claim that Mr. Cameron received fair notice because a court assessing whether a prior conviction is a violent felony must review how the law defines the offense. *Johnson v. United States*, 576 U.S. 591, 596 (2015).

petitioner had fair notice based on far more than just the fact that the conviction was listed in the PSR. Therefore, Mr. Cameron did not have "fair notice" that the battery conviction could be used as an ACCA predicate. Because the United States has not identified three convictions to support his ACCA enhancement for which Mr. Cameron had fair notice, he is entitled to resentencing.

### IV.  Conclusion

As discussed in this Order, at the time Terry Cameron was sentenced, he did not have fair notice that his 1981 battery conviction would be used to support the enhancement under the ACCA. While the United States could have identified the battery conviction in the Indictment, in a pretrial filing, or at the plea and sentencing hearing, it did not do so. Absent the foregoing, Mr. Cameron did not have fair notice of the battery conviction.

For these reasons, Mr. Cameron is entitled to relief on his § 2255 motion to the extent that he is entitled to resentencing. Accordingly, his motion for relief under § 2255 is **GRANTED.** the Clerk shall **docket a copy of this Order in No. 1:17-cr-00081-JMS-TAB-1**. Mr. Cameron's motion for status, dkt. [59], is **granted** consistent with this Order.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 2/12/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov

Brent Westerfeld
Brent Westerfeld
blwesterfeld@gmail.com